# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6932 | **DATE** | August 15, 2011 |
| **CASE TITLE** | *SEC v. Brewer, et al* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the objections [97-1] to the magistrate judge's report and recommendation are overruled. An appropriate compensatory sanction is the reasonable costs associated with the government having to bring and prosecute the motion for contempt. The SEC is directed to file a memorandum no later than September 9, 2011, detailing these costs. The court gives the defendants 10 days from the date of entry of this order to fully comply with the October 29 Order. If they do not, a daily sanction of $1,000 per defendant shall be imposed until full compliance is attained.

■[ For further details see text below.]   Docketing to mail notices.

00:00

## STATEMENT

**Background**

On October 28, 2010, the Securities and Exchange Commission filed suit against defendants Steven Brewer, Adam Erickson, Brewer Investment Group, LLC, Brewer Financial Services, LLC and Brewer Investment Advisors, LLC. In conjunction with the complaint against these defendants, the SEC filed a motion for a temporary restraining order and preliminary injunction requesting, among other things, that the defendants be directed to preserve documents and electronically stored information, provide a sworn accounting, and respond to expedited discovery.

On October 29, 2010, at a hearing before this court, the defendants consented to the entry of an Agreed Preliminary Injunction and Order Imposing Asset Freeze and Other Ancillary Relief, which was entered that same day. Among other things, the order prohibited each defendant and their counsel from destroying documents and electronically stored information that "refer or relate to the allegations in the Commission's Complaint," October 29 Order at § V.A, Dkt. # 14. The October 29 Order also required each defendant to provide a sworn accounting. *Id*. at II. In addition, the October 29 Order directed that the defendants respond to discovery requests on an expedited basis. Both Erickson and Brewer received copies of the October 29 Order.

On January 18, 2011, the SEC filed a motion for contempt, under the court's inherent power and 18 U.S.C. § 401, based on the defendants' alleged failure to comply with the October 29 Order. Specifically, the SEC asserted that the defendants had destroyed documents, failed to provide the required accountings, and failed to respond to discovery as the October 29 Order dictated. The magistrate judge held an evidentiary hearing on the motion for contempt on March 16, 2011, and issued a report and recommendation on May 20,

| STATEMENT |
|---|

2011.

In his comprehensive report and recommendation, the magistrate judge summarized the evidence presented at the evidentiary hearing and concluded that the defendants should be held in contempt for failing to provide the required sworn accountings, failing to preserve documents, and failing to provide expedited discovery requests, all in contravention of the October 29 Order. The magistrate judge also recommended that the defendants be allowed to file a late answer instanter, to which no one has objected.

The magistrate judge recommended that the district court require the defendants to reimburse the SEC for its costs associated with counsel having to bring the motion for contempt, give the defendants seven days to comply with the October 29 Order and in the event that they fail to comply, fine them $1,000 per day until they fully comply. The defendants have filed objections to the report and recommendation. For the reasons stated below, the objections are overruled.

**Analysis**

Both parties contend that the standard of review regarding the magistrate judge's report and recommendation is set forth in Fed. R. Civ. P. 72(a), which provides that the magistrate judge's disposition will be set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006). Under this standard, the district court will overturn such rulings only if it has a "definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

However, it appears that, in this instance, where the motion for contempt was initially pending before this court but was referred to the magistrate judge, then 28 U.S.C. § 636(b)(1)(B) applies and the magistrate judge issues a report and recommendation over which this court has de novo review. *F.T.C. v. Cleverlink Trading Ltd.*, No. 05 C 2889, 2006 WL 3106448, at **14-15 (Oct. 26, 2006) ("However, § 636(e)(6) does not govern when the referral from the district court is to conduct proceedings in connection with a contempt matter pending before the district court. In that context, the magistrate judge's authority is defined by 28 U.S.C. §§ 636(b)(1)(B), not 28 U.S.C. § 636(e)."). Accordingly, the court will conduct *de novo* review, although it notes that the result would be the same even if it reviewed the report and recommendation using the standard suggested by the parties.

In order to succeed on a petition for contempt, the SEC must show by clear and convincing evidence that: 1) the court order sets forth an unambiguous command; (2) the defendants violated that command; (3) the defendants' violation was significant, meaning they did not substantially comply with the order; and (4) the defendants failed to take steps to reasonably and diligently comply with the order. *See F.T.C. v. Trudeau*, 579 F.3d 754, 763 (7th Cir. 2009) (citations omitted). The Seventh Circuit has noted that "'highly probable' ... is the Supreme Court's definition of ... 'clear and convincing evidence.'" *U.S. v. Boos*, 329 F.3d 907, 911 (7th Cir. 2003) (citation and quotation marks omitted). In order to find contempt, it is sufficient that a party "has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Goluba v. School Dist. of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995).

According to the defendants, the magistrate judge's ruling was incorrect because the evidence did not clearly and convincingly support a finding that the third and fourth elements had been satisfied, *i.e.*, that the defendants did not substantially comply with the order or take reasonable steps to comply with the order.

| STATEMENT |
|---|

The court notes that although given the opportunity, the defendants did not file a reply brief. Accordingly, the court will rule without the benefit of a reply from the defendants. In addition, the court directed the parties to file a joint statement regarding the defendants' compliance with the order to date, *see* Dkt. #105, which the court has considered in its review of the magistrate judge's report and recommendation.

     A.     <u>The Sworn Accountings</u>

The defendants assert that the magistrate judge erred in concluding that the defendants had failed to provide the sworn accountings required by the October 29 Order. The October 29 Order directed the defendants to serve, within 5 days of its issuance, a sworn accounting which reflected certain specified information about the defendants' financial situation. As noted by the magistrate judge, despite the fact that the order "explicitly set forth the detailed and extensive information required," it was undisputed that none of the financial information was sworn, separate accountings for each corporate defendant were not submitted, and the information that was provided did not conform with the order. Moreover, the statements submitted by the individual defendants did not substantially comply with the order because the defendants did not provide information regarding the respective defendant's receipt or use of FPA funds and commissions.

The defendants point to other financial information that they provided to the SEC based on an earlier FINRA investigation and suggest there was overlap. They contend that the FINRA information should have satisfied their obligations for an accounting to the SEC.

However, as noted above, it is uncontested that none of the information provided, except for certain statements by Brewer and Erickson, was sworn, as the October 29 Order required. Nor were separate accountings provided by each defendant.[1] Although the information provided by Brewer and Erickson was specific to them, it lacked information as to the defendants' receipt or use of FPA funds and commissions at issue in this case. In addition, despite having retained new counsel on January 31, 2011, the defendants still had not provided the sworn accountings at the time of the evidentiary hearing on March 16, 2011.

The individual defendants also assert that they did not have the financial capacity at the time of the order to retain professional accountants to prepare the detailed forensic accounting that the SEC sought. However, the October 29 Order, which was agreed, directed the defendants to provide the sworn accountings to the SEC. Indeed, the parties discussed the contents of the order prior to presenting it to the court and jointly moving for its entry.

The court thus concludes based on the record before it that neither Brewer nor Erickson took reasonable steps to comply in the time period required with the order for sworn accountings which was explicit and clear in its terms.

     B.     <u>Preservation of Documents</u>

The magistrate judge also concluded that the defendants were in contempt for having not prevented the destruction of documents in their office. The October 29 order directed the defendants and their agents to preserve all documents that were related to the allegations in the complaint.

According to evidence presented to the magistrate judge and reviewed by this court, the defendants' attorney advised Brewer and Erickson both before and after entry of the October 29 Order that they were

required to preserve certain documents. Soon after entry of the October 29 Order, the attorney inspected the individual defendants' offices, gathered certain documents and directed employees to box up and secure the documents. The attorney, however, never took possession of those documents. Moreover, on or around October 29, 2010, Erickson directed employees to secure certain documents, but it is not known what became of them. In addition, when the defendants were being evicted from their office space, on or around November 24, 2010, the defendants' attorney executed an agreed order for possession and authorized the landlord to dispose of any remaining materials. When the building staff cleaned the offices after building management took possession, the managing agent for the building, who was present at the times items were discarded, testified that they disposed of approximately 90% of the documents from the defendants' offices. Documents and computers that were not disposed of were stored in another space in the building.

The SEC served document requests on December 1, 2010, with responses due December 7, 2010. Previous counsel for the defendants withdrew on January 11, 2011, and the SEC filed the instant motion for contempt on January 18, 2011.

It is undisputed that documents and information kept on computer hard drives have been destroyed. The defendants assert that they relied upon the advice of counsel and their counsel's representation that document preservation was ongoing. However, the defendants do not cite to authority that they are not bound by the actions of their agent, *i.e.*, their lawyer. Indeed, as noted by the government, "lawyers are agents. Their acts (good and bad) are attributed to the clients they represent." *Johnson v. McBride*, 381 F.3d 587, 589-90 (7th Cir. 2004) (citations omitted). Moreover, Erickson, despite the admonition by his then-counsel not to return to his offices, entered the premises to retrieve his personal items. Thus, his alleged reliance on advice of counsel, which he chose to disregard when it suited him, rings hollow.

The defendants also argue that the magistrate judge erred when he held them in contempt for failing to preserve documents because the government either had the documents or they were "easily obtained from three external sources." The defendants miss the point. The *agreed* order directed them to turn over specific documents and they failed to do so. The burden is on them, not the government, to comply with the order. The record reveals that the defendants knowingly entered into an agreed order to turn over certain documents to the government. They did not. As noted by both the magistrate judge and the government, the defendants have not demonstrated that the scope of documents previously disclosed to the SEC or FINRA overlaps completely with what the October 29 order directed to be turned over.

The defendants also contend that even if certain unspecified hard copy documents were destroyed, the defendants' practice was not to use hard copy documents. They assert that "[a]ll documents were exchanged by email and preserved on the GlobalRelay [system] and there is no evidence to suggest that the defendants interfered with or directed any agent of GlobalRelay to destroy preserved documents." Objections at 11. But, as noted by the magistrate judge, contrary to the defendants' assertion, not all documents are transmitted by email. To the extent that documents were saved on a server, "the location of the servers is anyone's guess," Report and Recommendation at 34, and the defendants admitted that handwritten notes and incoming hard copy mail would not be kept in the email system.

The court finds that the defendants are in contempt for having failed to preserve documents as required by the October 29 Order.

    C.    <u>Expedited Discovery Responses</u>

The October 29 Order also required the defendants to respond to discovery on an expedited basis. Specifically, it required the defendants to answer the SEC's interrogatories within five days of service and to produce documents within three days. On December 1, 2010, and February 22, 2011, the government served the defendants with interrogatories and document requests for a total of seven to nine interrogatories each and approximately nine document requests.[2] According to the parties' briefs and the joint statement regarding compliance with the October 29 Order, the defendants submitted formal responses to the document requests and interrogatories on March 16, 2011. However, both parties agree that the defendants had produced some documents which the government says "may have been responsive" to some of the discovery requests on February 1, 2011, February 24, 2011, March 11, 2011, and March 14, 2011.

The defendants admit that they did not timely respond to the discovery requests but contend that their failure was reasonable because the court order directed "an extremely constricted discovery schedule." Objections at 11. Again, however, the defendants agreed to the entry of the order which included that timetable.

They also assert that they did not see the discovery requests until early February when they retained new counsel. However, the magistrate judge heard the testimony of the defendants and defendants' prior counsel who stated that "to the best of [his] recollection" he sent the December 1, 2010, discovery requests to his clients shortly after he received them. The magistrate judge stated in his report and recommendation that "the Court does not find that [prior counsel] failed to provide the requests to Defendants." Report and Recommendation at 35. The magistrate judge was present for the testimony and found prior counsel credible. Nothing in the record makes the court inclined to second-guess that determination. Moreover, as noted by the government, its motion for contempt was personally served on the individual defendants shortly after the motion was filed on January 18, 2011. Thus, the record shows that the defendants knew of the discovery requests before the first or second week of February. In addition, the court notes that Erickson testified at the evidentiary hearing that he had just sat down with counsel one week before the March 16, 2011, hearing in order to formulate responses to interrogatories. Tr. at 128. The defendants' discovery responses were not served on the SEC until March 16, 2011.

Finally, the defendants point to the volume of information requested as an apparent reason for the delay. However, Brewer was served with three interrogatories and six requests for production while Erickson was served with two interrogatories and four requests for production. The court has reviewed the interrogatories and requests and finds that they are not burdensome.

The court concludes that the defendants are in contempt for having failed to provide the expedited discovery requests required by the October 29 Order.

### D. Sanctions for Contempt

Having found the defendants in contempt of the October 29 Order, the court now considers the issue of sanctions. As noted above, the magistrate judge recommended that this court require the defendants to reimburse the SEC for its costs associated with counsel having to bring the motion for contempt, give the defendants seven days to comply with the Agreed Order and in the event that they fail to comply, fine them $1,000 per day until full compliance is attained.

Civil contempt sanctions are meant to coerce compliance and are avoidable through obedience. *See, e.g, United States Dept. of Energy v. Ohio*, 503 U.S. 607, 621-22 (1992) (collecting examples of coercive

| STATEMENT |
|---|

civil contempt sanctions); *Jones v. Lincoln Electric Co.*, 188 F.3d 709, 737 (7th Cir. 1999) ("[c]oercive sanctions ... are really the essence of civil contempt" and "seek to induce future behavior by attempting to coerce a recalcitrant party or witness to comply with an express directive from the court"). The court's equitable powers in civil contempt proceedings are broad, *Spallone v. United States*, 493 U.S. 265, 276, 110 S.Ct. 625, 107 L.Ed.2d 644 (1990), and include the authority to impose sanctions to coerce compliance with a court order, *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 829, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994), and to compensate affected persons and entities for losses caused by the contemnor's actions, *Transact Technologies, Inc. v. Isource Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005). *See also F.T.C. v. Trudeau*, 579 F.3d 754 (7th Cir. 2009) (civil monetary sanctions fall into two categories: compensatory and coercive).

In determining the type of civil contempt sanctions that are warranted, the court must consider: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." *South Suburban Housing Center v. Berry*, 186 F.3d 851, 854 (7th Cir. 1999), *citing United States v. United Mine Workers*, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947). The determination of whether a particular remedy is warranted and necessary is within the court's discretion. *New York State National Organization for Women v. Terry*, 886 F.2d 1339, 1352-53 (2d Cir. 1989).

As noted by the government, it needs the financial information listed in the October 29 Order in order to discover the location and disposition of the proceeds of the alleged fraud so it can identify others who might have been involved as well as possible sources of recovery. By not providing timely information as required by the October 29 Order and failing to ensure the proper preservation of documents, the defendants have seriously hampered the SEC's ability to recover funds and investigate the alleged wrongdoing. Given the failure to retain documents as directed, it is fair to say that no one knows and likely will never know what documents are missing and what information could have been recovered. Thus, the harm from noncompliance is significant. The court also notes, however, that one of the reasons that the defendants have stated that they were unable to provide the sworn accountings is due to limited financial resources. Indeed, according to their objection to the magistrate judge's ruling, each of the defendants have filed for personal bankruptcy. Given the individual defendant's precarious financial status, the effectiveness of a substantial sanction is questionable while the burden is obvious. As to willfulness, the court notes that, while not preventing a finding of contempt, the defendants have asserted that they were following the advice of counsel and, in other respects, believed that documents already provided to the SEC in an earlier investigation fulfilled their obligations. Based on these factors, the court finds the following sanctions appropriate.

As to the failure to preserve documents, no monetary sanction will coerce the defendants to produce the documents as it is clear that the vast majority of the documents in the defendants offices were destroyed. Thus, as compensation, the court agrees with the magistrate judge that an appropriate sanction includes the reasonable costs associated with the government having to bring and prosecute the motion to compel. The SEC is directed to file a memorandum no later than September 9, 2011, detailing their reasonable costs. Any disputes associated with the costs as detailed by the SEC shall be raised first with Magistrate Judge Keys.

As to the sworn accountings and discovery responses, whether or not the defendants have fully complied to date, they had not filed the proper accountings nor responded to the discovery requests as of the date that the motion for contempt was filed. The defendants, however, now contend that they have complied or are in the process of complying. Thus, the court gives the defendants 10 days from the date of entry of this order to fully comply with the October 29 Order. If they do not, a daily sanction of $1,000 per defendant

| STATEMENT |
|---|
| shall be imposed until full compliance is attained. The court concludes that this amount is sufficient to coerce compliance with the October 29 Order given the defendants' financial situation. The court further notes that nonmonetary sanctions are also available in contempt cases. *Clark Equipment Co. v. Lift Parts Mfg. Co. Inc.*, 972 F.2d 817, 819 (7th Cir. 1992).<br><br>The parties are required to meet and confer as often as necessary to resolve the issues associated with the ongoing discovery disputes. The point is to provide the documents and information to the government as required by the agreed October 29 Order as soon as possible. The defendants shall make every effort to do so. Any concerns or disputes about the status of the production shall initially be directed to Magistrate Judge Keys. |
| |

1. In their recent joint statement to the court, Brewer and Erickson contend that affidavits they submitted to the government dated July 13, 2011, comply with the court's October 29 Order regarding the sworn accountings, but the SEC disagrees.

2. Although document requests were apparently served on Mr. Brewer, no responses were attached as exhibits to the joint statement regarding compliance with the October 29 Order.