

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION | ) ) ) | No. 10 C 6932 |
| Plaintiff, | ) ) | |
| vs. | ) ) | JUDGE BLANCHE M. MANNING MAGISTRATE JUDGE ARLANDER KEYS |
| STEVEN J. BREWER et al., | ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

This memorandum opinion and order resolves several motions that the Security and Exchange Commission ("Commission") contemporaneously filed on October 26, 2011, including its Motion to Compel [126], Motion for Additional Interrogatories [127], and Motion for Contempt Sanctions [129]. On December 2, 2011, the parties appeared before this Court for a motion hearing, during which the Commission admitted that, at this point, most of its motions are essentially moot. For the reasons set forth below, the Court denies all three motions. The Court considers each of the three above motions in turn below.

### I. Motion to Compel [126]

The Commission's motion to compel arose out of its contention that Defendant Erickson did not provide a timely and complete answer to Interrogatory 1, concerning financial

institutions in which he held an interest. Pls.' Motion to Compel, p. 3. Defendants contend that, as of the filing of their Response [134] on November 1, 2011, they had made a complete discovery offering of all financial holdings, bank accounts, and had also provided copies of Mr. Erickson's 2008 tax return schedules. Def.'s Combined Response, p. 12. A month later, at the hearing before this Court on December 2, 2011, the Commission agreed that Defendants had, in fact, fully satisfied Interrogatory 1 by providing all the information requested. 12/2/2011 Motion Hearing Transcript at 9:13-10:22. However, the Commission maintains that, although the information was produced, its delay, and Defendants failure to originally provide the information upon first request in a complete manner, still warrant sanctions. The Court disagrees.

Defendants have now provided every account, those open at the time the Commission filed its complaint, and those open post the complaint period. Although Defendants made timely objections to the temporal scope of the account information demanded, they eventually provided all the account information requested. Therefore, the Court finds that, because Plaintiff is admittedly satisfied with the information Defendants provided, and because there was no blatant effort to hide or sequester information on the part of Defendants, sanctions are unwarranted and Plaintiff's Motion to Compel [126] is denied.

## II. Motion for Additional Interrogatories [127]

On October 26, 2011, the Commission asked for leave to serve additional interrogatories on Defendant Brewer. By the November 2, 2011 Status Hearing, however, the Commission explained that its request was more of a response to an objection that was raised by Defendants, and that it did not currently intend to serve additional interrogatories. The Commission solidified its decision at the December 2, 2011 hearing, withdrawing its request. 12/2/2011 Motion Hearing Transcript at 17. Therefore, the Court acknowledges the Commission's withdrawal and denies plaintiff's Motion for Additional Interrogatories [127].

## III. Motion for Additional Contempt Sanctions [129]

The Commission's Motion for Additional Sanctions was filed alleging that Defendants submitted accountings that were deficient and contained inconsistencies between statements. Plaintiff's Motion for Additional Contempt Sanctions, p. 2. At the December 2, 2011 hearing, counsel for the Commission conceded that this motion is now moot, as Defendants have adequately explained any originally perceived inconsistencies and have purged themselves of contempt, subject to the previously ordered sanctions. 12/2/2011 Motion Hearing Transcript at 25. The Court agrees that this motion is indeed now moot, as the purpose for additional sanctions on a motion for contempt are to force

compliance, and here Defendants have complied. Therefore, this issue is a historical one, and the Court denies the Commission's Motion for Additional Contempt Sanctions [129] as moot.

## IV. Sanctions for Failure to Comply with Order of October 29, 2010

On August 15, 2011, the District Judge overruled Defendants' Objections to this Court's Report and Recommendation of May 20,2011 [107] and adjudged Defendants to be in contempt of Court for their failure to comply with her order of October 29, 2010. The District Judge gave Defendants ten days within which to fully comply with that order, and imposed a monetary sanction of $1,000 per day, per Defendant, until full compliance was achieved. By order dated September 2, 2010, the District Judge found that full compliance had not been achieved and imposed the fine as stated [117]. Thereafter, the Commission engaged in discovery in an attempt to determine Defendants' assets and the location of the funds they obtained from investors. It was this discovery that led to the filing of the three motions set forth above.

With regard to the instant motion for sanctions for failure to comply with the October 29,2010 order, Defendants filed, on November 28, 2011, a Motion for a Finding That Contempt Has Been Purged [145]. At the December 2, hearing, the Commission agreed that, as of November 28, 2011, Defendants have purged themselves

of contempt, but asserted that they were in contempt from August 25, 2011 (ten days after the August 15, order) to November 28, 2011, and that the monetary sanctions therefor were simple to calculate. 12/2/2011 Hearing Transcript at 16:6-14, 21:7-14. Defendants did not disagree with that assertion. Therefore, Defendants' Motion for a Finding that Contempt Has Been Purged [145] is granted.

On October 31, 2011, the Commission filed a Motion for Entry of Permanent Injunction Against Steven Brewer and Adam Erickson and a Motion to Set Briefing Schedule on Monetary Sanctions [131]. Attached to the motion were signed consents by both Defendants, consenting to the entry of permanent injunctions against them. Because the motion was noticed for presentment at a time when the Commission was simultaneously seeking further discovery and further monetary sanctions against Defendants before this Court [126, 127 and 129], the District Judge denied the motion, without prejudice, as being premature [137]. Now that the motions that were pending before this Court have been resolved, there should be no impediment to the Commission renewing its motion for entry of the agreed permanent injunction. What would remain then is the setting of a briefing schedule (or an agreement) on the accumulated monetary sanctions.

## **CONCLUSION**

For the reasons set forth above, the Commission's Motion to Compel [126], Motion for Additional Interrogatories [127], and Motion for Additional Contempt Sanctions [129] are all DENIED. Defendants' (unopposed) Motion for a Finding that Contempt Has Been Purged [145] is GRANTED.


DATED: December 16, 2011        ENTERED:

_____
ARLANDER KEYS
United States Magistrate Judge