**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| _____ | : | |
| **UNITED STATES SECURITIES** | : | |
| **AND EXCHANGE COMMISSION**, | : | **Case No. 10-cv-6932** |
| | : | |
| **Plaintiff,** | : | |
| | : | **HONORABLE JOHN Z. LEE** |
| **v.** | : | |
| | : | |
| **STEVEN BREWER,** | : | |
| **ADAM ERICKSON,** | : | |
| **BREWER INVESTMENT GROUP, LLC** | : | |
| **BREWER FINANCIAL SERVICES, LLC and** | : | |
| **BREWER INVESTMENT ADVISOR, LLC** | : | |
| | : | |
| **Defendants,** | : | |
| _____ | : | |

**FINAL JUDGMENT AS TO DEFENDANTS**
**STEVEN BREWER AND ADAM ERICKSON**

The Securities and Exchange Commission having filed a Complaint and Defendants Steven Brewer and Adam Erickson having entered general appearances; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of permanent injunctions without admitting or denying the allegations of the Complaint (except as to jurisdiction); consented to have the issues of disgorgement, prejudgment interest and penalties determined by the Court without trial, with the facts of the complaint admitted solely for that purpose; and waived findings of fact and conclusions of law:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Brewer and Erickson and their agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Brewer and Erickson and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Brewer and Erickson and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a)    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(c)    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Brewer and Erickson and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violations of Section 15(c)(1) of the Exchange Act [15 U.S.C. § 78o(c)(1)] by knowingly or recklessly providing substantial assistance to anyone acting as a broker-dealer who, using any means or instrumentality of interstate commerce, or the mails, effects transactions in, induces purchases of, or attempts to induce the purchase of any security by means of a manipulative, deceptive or other fraudulent device or contrivance.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Brewer and Erickson and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violations of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] by knowingly or recklessly providing substantial assistance to anyone acting as investment advisers who, using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (1)    employs devices, schemes or artifices to defraud clients or prospective clients; or

    (2)    engages in transactions, practices and courses of business which operate as a fraud or deceit upon its clients or prospective clients.

4

VI

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
Steven Brewer is liable for disgorgement of $5,355,100, together with prejudgment interest
thereon in the amount of $296,784.82 for a total of $5,651,884.82.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Steven
Brewer shall pay a civil penalty in the amount of $4,238,913.61 to the Securities and Exchange
Commission pursuant to 15 U.S.C. §§ 77t(d)(2) and 78u(d)(3)(B).

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
Adam Erickson is liable for disgorgement of $215,760.35, together with prejudgment interest
thereon in the amount of $11,957.65 for a total of $227,718.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Adam
Erickson shall pay a civil penalty in the amount of $170,788.50 to the Securities and Exchange
Commission pursuant to 15 U.S.C. §§ 77t(d)(2) and 78u(d)(3)(B).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay
the amounts ordered herein within 14 days after entry of this Final Judgment.

Defendants may transmit payments electronically to the Commission, which will provide
detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly
via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants
may also pay by certified check, bank cashier's check, or United States postal money order

payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; the defendant in this action; and specifying that payment is made pursuant to this

Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action. By making this payment,

Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of

the funds shall be returned to Defendants.

The Commission shall hold the disgorgement and prejudgment interest (collectively, the

"Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The

Court shall retain jurisdiction over the administration of any distribution of the Fund. If the

Commission staff determines that the Fund will not be distributed, the Commission shall send

the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 14 days following entry of this Final Judgment.

The Commission shall send the penalties paid pursuant to this Final Judgment to the

United States Treasury.

Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28

USC § 1961.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants'

Consents are incorporated herein with the same force and effect as if fully set forth herein, and

that Defendants shall comply with all of the undertakings and agreements set forth therein.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**SO ORDERED**

Dated:  4/22/13

**JOHN Z. LEE**
United States District Judge